UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WELBIN ZHANG, et al.,

    Plaintiffs,

    v.

SUBARU OF AMERICA, INC., et al.,

    Defendants.
_____/

No. C 12-0857 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART, AND GRANTING MOTION TO STRIKE**

Before the court is defendant Suburu of America, Inc.'s motion to dismiss and/or strike portions of the complaint. Plaintiffs did not file an opposition to the motion within the time allowed under the Civil Local Rules of this court. Having reviewed the complaint and the defendant's papers, and the relevant legal authority, the court hereby GRANTS the motion in part and DENIES it in part as follows.

This product liability action arises out of a January 4, 2010 collision between an Alameda-Contra Costa Transit District bus ("the AC Transit bus") and a 1999 Suburu Legacy automobile ("the vehicle") owned and operated by plaintiffs Weibin Zhang and Wei Cui in Oakland, California. Cplt ¶ 4. Plaintiffs allege that the AC Transit bus struck the vehicle on the passenger side, causing them to be "thrown about their vehicle" and injured. Id.

Plaintiffs allege further that the force of the collision should have caused the passenger-side airbag to deploy. Cplt ¶ 5. However, plaintiffs allege, the air bag did not deploy. Plaintiffs assert that prior to the collision, they had purchased the vehicle from "a private seller, whose name is not currently known" to them. Id.

Plaintiffs filed this action on January 4, 2012 in the Superior Court of California, County of Alameda, against Suburu of America, Inc. ("Suburu"), and 40 DOE defendants, alleging causes of action for (1) strict product liability, (2) negligence, (3) breach of express warranty, (4) breach of implied warranty, (5) negligent misrepresentation, and (6) intentional misrepresentation/fraudulent concealment.

Suburu removed the case on February 22, 2012, alleging diversity jurisdiction. On February 24, 2012, Suburu filed the present motion to dismiss the fourth, fifth, and sixth causes of action for failure to state a claim, and to strike certain allegations in the complaint.

1. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

2

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 129 S.Ct. at 1950.

The fourth cause of action for breach of implied warranty is asserted against Suburu and against DOES 1 through 20. Suburu argues that plaintiffs cannot maintain a cause of action against it for breach of implied warranty, because plaintiffs allege in the complaint that the vehicle was not purchased from Suburu, and therefore no privity of contract existed between plaintiffs and Suburu.

The motion is GRANTED. A warranty is a contractual term concerning some aspect of the sale of goods – such as title to the goods or their quality or quantity. Windham at Carmel Mt. Ranch Ass'n v. Superior Court, 109 Cal. App. 4th 1162, 1168 (2003). A warranty may be either express or implied. Id. An implied warranty is based on implied representations rather than on promises, and may be created by statute or case law. Id.

Under California law, a plaintiff alleging injury by a defective product can proceed against a manufacturer for breach of implied warranty in a sales contract only if there is privity between the plaintiff and the manufacturer. Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 695 (1954); see also Osborne v. Suburu of America, Inc., 198 Cal. App. 3d 646, 656 (1988). There is no privity between the original seller and a subsequent purchaser who was not a party to the original sale. Burr, 42 Cal. 2d at 695.

Here, plaintiffs did not purchase the vehicle from Suburu, but rather from a "private party" whose identity is not known. Because plaintiffs did not purchase the vehicle from Suburu, there can be no privity between plaintiffs and Suburu, and thus, plaintiffs cannot state a claim for breach of implied warranty. The dismissal of the fourth cause of action is with prejudice, as the court finds that amendment would be futile.

The fifth cause of action for negligent misrepresentation and the sixth cause of action for intentional misrepresentation or fraudulent concealment are asserted against

1  DOES 21 through 40. Suburu asserts that these two causes of action must be dismissed
2  because they fail to allege fraud with particularity, as required by Federal Rule of Civil
3  Procedure 9(b). While the court agrees that these claims are inadequately pled, the motion
4  is DENIED because the claims are not asserted against Suburu, and Suburu thus has no
5  basis to seek dismissal.

        2.        Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystem, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec Lit., 114 F Supp. 2d 955, 965 (C.D. Cal. 2000).

The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation and citation omitted). In order to determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Id. at 973-74.

In the first cause of action for strict liability in tort, plaintiffs allege that the vehicle and its component parts (including airbags and sensors) were defective and unsafe. See Cplt ¶¶ 7-10. They allege further that "[b]y reason of the premises, [p]laintiffs suffered the loss of their unborn child as [p]laintiff Weibin Zhang was pregnant at said time and [p]laintiff Wei Cui was the father of that unborn child." Cplt ¶ 14. Suburu seeks an order striking as immaterial the allegation in ¶ 14 (which is also incorporated by reference into all other causes of action), on the basis that California does not recognize a cause of action for the

wrongful death of an unborn fetus.

The motion is GRANTED. Under California law, a cause of action cannot be maintained for the death of a stillborn fetus, because a fetus is not a "person" within the meaning of the wrongful death statute. See Justus v. Atchison, 19 Cal. 3d 564, 580 (1977), disapproved on other grounds, Ochoa v. Superior Court, 39 Cal. 3d 159 (1985). While plaintiffs have not alleged a wrongful death claim, per se, they do appear to be attempting to include this allegation in each of their causes of action. Because the court finds the allegation about the death of the fetus to be immaterial to the claims asserted in the complaint, the court agrees that it must be STRICKEN.

In accordance with the foregoing, the motion to dismiss the fourth cause of action for breach of implied warranty, asserted against Suburu, is GRANTED. The dismissal is with prejudice. The motion to dismiss the fifth and sixth causes of action is DENIED, as those claims are not asserted against Suburu. The motion to strike the allegation regarding the death of the fetus is GRANTED.

The May 2, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: April 13, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge